# JAMES D. LEACH

*Attorney at Law*
1617 Sheridan Lake Road
Rapid City, SD 57702-3483
Tel: (605) 341-4400
Fax: (605) 341-0716

*Legal Assistant*
*Raquel L. Hughes, CLA*

*Legal Secretary*
*Verma J. Stehly*

jim@southdakotajustice.com

September 19, 2019

By CM/ECF filing

Hon. Charles B. Kornmann
US Courthouse
102 4th Ave SE #408
Aberdeen, SD 57401

     Re:    SD VOICE et al. v. South Dakota Governor Kristi G. Noem, et al., Civ. 19-1017

Dear Judge Kornmann:

     During the telephone conference two days ago, I promised to re-evaluate, and submit to you by today, my position on the admissibility of statements by the sponsors of HB 1094. There is no motion pending concerning this matter, so this letter is for your information.

     To make this discussion concrete, I attach Exhibit 1, an Associated Press article from June 19, 2019, in which the sponsor of HB 1094, Republican Rep. Jon Hansen of Dell Rapids, says that its goal is to impede "professional out-of-state petition circulators who are trying to bring their California and Massachusetts liberal agendas" to South Dakota. He also says that Mr. Heidelberger "doesn't like the measure because it keeps away Heidelberger's 'out-of-state liberal allies.'"

     This is not "legislative history," as I understand that term, but a public statement by the bill's sponsor of its purpose.

September 19, 2019
Hon. Charles B. Kornmann
Page 2

As I understood your concern, it is whether such evidence could be admissible. So I turn to that subject.

Judge Piersol's Order yesterday in *Dakota Rural Action v. Noem*, Civ. 19-5026, Doc. 50 (the "riot boosting" case), demonstrates both the admissibility and the significance of such evidence.

One of the early issues in *Dakota Rural Action* was what standard of review should be applied. Plaintiffs argued it should be strict scrutiny. Defendants argued it should be an intermediate standard of review.

In the present case, plaintiffs and defendants are certain to make the same arguments.

Judge Piersol wrote that laws that "were adopted by the government 'because of disagreement with the message [the speech] conveys'" are subject to strict scrutiny. *Id.* at 6, quoting *Reed v. Town of Gilbert, Ariz.*, ___ U.S. ___, 135 S. Ct. 2218, 2227 (2015).

So in deciding the appropriate standard of review, Judge Piersol had to decide whether the "riot boosting" bill was adopted because of disagreement with the message the speech conveys. In resolving that issue in favor of the strict scrutiny standard, Judge Piersol cited Governor Noem's public statement about the purpose of the bill, which showed that the law was adopted because the State disagreed with speech ("speech" being Judge Piersol's word, not Governor Noem's word) by opponents of the proposed Keystone XL pipeline. *Id.* at 7.

Only four lines later, Judge Piersol ruled that the "riot boosting" statutes are subject to strict scrutiny. *Id.* at 8.

September 19, 2019
Hon. Charles B. Kornmann
Page 3

Similarly, in deciding whether to issue a preliminary injunction against enforcement of the "riot boosting" statutes, Judge Piersol wrote: "Is one goal to keep outsiders out? If so, that is not a laudable goal as we are a nation of 50 states with each citizen in any state having the same rights of free speech and assembly in every state." *Id.* at 24.

In this case, HB 1094 sponsor Hansen's statements demonstrate beyond doubt that the purpose of the law is to burden the speech of people who are not from South Dakota, with the goal of limiting "California and Massachusetts liberal agendas." So HB 1094 was adopted because of disagreement with the message the speech conveys, which proves it should be subject to strict scrutiny. So sponsor Hansen's statements are as significant, and as admissible, in this case as Governor Noem's statements were in *Dakota Rural Action v. Noem*.

As I mentioned on the phone, *DOC v. New York*, ___ U.S. __,139 S. Ct. 2551 (2019), the case refusing to allow the government to include a citizenship question on the 2020 Census, also relied on out of court statements by the proponents of the measure. The government claimed that the proposed citizenship question was intended to help enforce the Voting Rights Amendment. But the Supreme Court looked to extra-record evidence which showed that "the VRA enforcement rationale—the sole stated reason—seems to have been contrived." *Id.* at 2575. The Court stated it "cannot ignore the disconnect between the decision made and the explanation given." *Id.*

Similarly, in this case, HB 1094 sponsor Hansen's statements show the real purpose for the Legislation, and contradict any politically neutral explanation for it that the State makes here.

I also mentioned on the phone that consideration of such evidence is supported by Eighth Circuit law. The case I was thinking of is *Smithfield Foods, Inc. v. Miller*, 367 F.3d 1061, 1065 (8th Cir. 2004), which says: "Courts look to direct and

September 19, 2019
Hon. Charles B. Kornmann
Page 4

indirect evidence to determine whether a state adopted a statute with a discriminatory purpose. This evidence includes (1) *statements by lawmakers* . . . ." (emphasis added). Rep. Hansen, of course, was not just a "lawmaker" with respect to HB 1094, he was its sponsor.

So for all these reasons, Rep. Hansen's statements are not only admissible but extremely important evidence.

        Respectfully submitted,

        /s/ James D. Leach

        James D. Leach

JDL/hs

Attachment: Exhibit 1

cc: Stacy R. Hegge (by CM/ECF)
   Cory Heidelberger (by e-mail)