

FILED

NOV 03 2021

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| SD VOICE AND CORY HEIDELBERGER, | 1:19-CV-01017-CBK |
| Plaintiffs, | |
| vs. | |
| KRISTI NOEM, GOVERNOR OF SOUTH DAKOTA, IN HER OFFICIAL CAPACITY; JASON RAVNSBORG, ATTORNEY GENERAL OF SOUTH DAKOTA, IN HIS OFFICIAL CAPACITY; AND STEVE BARNETT, SECRETARY OF STATE OF SOUTH DAKOTA, IN HIS OFFICIAL CAPACITY | **MEMORANDUM AND ORDER** |
| Defendants. | |

## I.   BACKGROUND

This matter is once more before the Court.  Defendants South Dakota Governor Kristi L. Noem, South Dakota Attorney General Jason Ravnsborg, and South Dakota Secretary of State Steve Barnett ("defendants"), all in their official capacities, ask this Court to stay its prior ruling permanently enjoining SDCL 2-1-1.2 pending their appeal to the United States Court of Appeals for the Eighth Circuit, pursuant to Federal Rule of Civil Procedure 63(d).[1]  In turn, plaintiffs SD Voice and Mr. Cory Heidelberger ("plaintiffs") urge this Court not to stay its prior memorandum opinion and order while this matter is before the appellate court.

---

[1] While defendants request such a stay pursuant to Federal Rule of Civil Procedure *62(c)*, it is in fact pursuant to Rule *62(d)*.  See Dakotans for Health v. Noem, 2021 WL 3619735 at *1 n.1 (D.S.D Aug. 16, 2021) (*unpublished*) ("Prior to 2018, courts cited to subdivision (c) of Rule 62, but Rule 62 was amended in 2018 with '[t]he provisions for staying an injunction' being 'reorganized . . . in new subdivision[] . . . (d).' Fed. R. Civ. P. 62 Committee Notes on Rules – 2018 Amendments.  'There [was] no change in meaning' because of the reorganization. Id.") (alterations in original).

If this Court was to stay its permanent injunction, the filing deadline for initiative measures to be placed on the November 2022 election would be November 8, 2021, a mere few days away, rather than May 3, 2022 (the first Tuesday in May of the election year), as is constitutionally required pursuant to the First Amendment to our Constitution. Finding the relevant factors lean in favor of not staying this Court's prior memorandum opinion and order, defendants' motion should be denied.

## II.   DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 62(d) "'codifies the inherent power of courts to make whatever order is deemed necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment.'" Knutson v. AG Processing, Inc., 302 F.Supp.2d 1023 (N.D. Iowa 2004) (*quoting* 11 FEDERAL PRACTICE AND PROCEDURE § 2904 (Wright & Miller)). It is "'generally the rule that 'when an appeal is perfected the district court loses jurisdiction to take further action in the cause' but that Rule 62(d) 'is an exception to that general rule and a recognition of the long established right of the trial court, after an appeal, to make orders appropriate to preserve the status quo while the case is pending in the appellate court.'" Portz v. St. Cloud Univ., 470 F.Supp.3d 979, 989 (D. Minn. 2020) (*quoting* United States v. El-O-Pathic Pharmacy, 192 F.2d 62, 79 (9th Cir. 1951)). See also Twin Cities Galleries, LLC v. Media Arts Group, Inc., 431 F.Supp.2d 980, 983 (D. Minn. 2006)[2] ("Accordingly, notwithstanding the appeal, the court retains jurisdiction to resolve [parties'] motion to stay and maintain the status quo pending appeal.").

### B. Analysis

When assessing a party's motion to stay an injunction pending appeal, the Court looks to four factors: "(1) the likelihood of the movant's success on the merits, (2) whether the movant will be irreparably harmed absent a stay, (3) whether issuance of the stay will substantially injure the non-moving party and (4) the public interest." Id. (*citing*

---

[2] While defendants cite to Twin Cities Galleries, they improperly cite it to *this* Court. It is not from the District of South Dakota. Rather, this opinion comes from our sister court, the District of Minnesota.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).  The District Court's analysis pursuant to
Federal Rule of Civil Procedure 62(d) is analogous to United States Courts of Appeals'
decision-making on whether to grant a stay of a permanent injunction pending appeal
pursuant to Federal Rule of Appellate Procedure 8(a).  *Compare* id., *with* Org. of Black
Struggle v. Ashcroft, 978 F.3d 603, 607 (8th Cir. 2020) (*citing* Brakebill v. Jaeger, 905
F.3d 553, 557 (8th Cir. 2018)).

      The Governor, Attorney General, and Secretary of State carry the burden to show
that a stay is warranted in this matter.  See Powerlift Door Consultants, Inc. v. Shepard,
2021 WL 2911177 at *2 (D. Minn. July 12, 2021) (*unpublished*).  And "'[b]ecause the
burden of meeting this standard is a heavy one, more commonly stay requests will not
meet this standard and will be denied.'"  Brady v. Nat'l Football League, 779 F.Supp.2d
1043, 1046 (D. Minn. 2011) (*quoting* 11 FEDERAL PRACTICE AND PROCEDURE § 2904
(Wright & Miller)).

1. *Likelihood of Success on the Merits*

      The first factor, the likelihood the movants will succeed on the merits, is the most
important factor.  See Org. of Black Struggle, 978 F.3d at 607; see also Twin Cities
Galleries, LLC, 431 F.Supp.2d at 983 ("Typically, the likelihood of success on the merits
is the most significant factor.") (*citing* S&M Constructors, Inc. v. Foley Co., 959 F.2d 97,
98 (8th Cir. 1992)).  Fatal to defendants' motion is that they cannot show likely success
on the merits on reversing this Court's permanent injunction.[3]  In its prior opinion, SD
Voice v. Noem, ___ F.Supp.3d ___, (D.S.D. 2021), this Court has carefully analyzed the
applicable First Amendment case law that makes bare that the enjoined State statute was
unconstitutional.  Unlike in the United States Court of Appeals for the Eighth Circuit's
decision in Organization for Black Struggle v. Ashcroft, the reasoning on why SDCL 2-
1-1.2 is constitutionally impermissible is not "weak," but rather is clear: "The State's
interests do not even come close to justify [the] diminution in political discourse" that
comes from such a far-removed petition circulation deadline from the election itself.  SD

---

[3] While defendants incorrectly label this Court's *permanent* injunction as merely *preliminary*, they are mistaken.
See BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY, doc. 81 at 5.

3

Voice, ___ F.Supp.3d at *5. Because "[t]he South Dakota filing deadline for ballot measure petitions does not strike an appropriate balance as required by the First Amendment," defendants cannot show they are likely to succeed on the merits. Id.

While sometimes "cases raising substantial difficult or novel legal issues" may merit a stay, this Court is unpersuaded that this matter rises to the bar of "substantial[ly]" difficult or novel issues to warrant this prong tipping in favor of defendants. Rosenbrahn v. Daugaard, 61 F.Supp.3d 862, 876 (D.S.D. 2015) (*citing* 11 FEDERAL PRACTICE AND PROCEDURE § 2904 (Wright & Miller)). True, the Eighth Circuit has not yet ruled on this issue, but defendants still must "'maintain[] a showing of success on the merits as a necessary element even [for] those cases involving 'substantial questions.' However, while the Eighth Circuit lowered the bar for [parties such as defendants] with respect to the likelihood of success in such cases, [it] did not omit the requirement in total." Wigg v. Sioux Falls Sch. Dist. 49-5, 2003 WL 27384064 at *1 (D.S.D. Aug. 22, 2003) (*unpublished*) (*quoting* Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*)). Because defendants fail to present a "showing of probable success on the merits," this factor leans in favor of not staying this Court's prior judgment. Id.

2. *Whether Defendants will be Irreparably Injured Absent a Stay*

Next, the Court turns to the second factor: whether defendants will be irreparably injured absent a stay.

First, defendants argue they could be irreparably injured because "[s]hould the one year filing deadline found in SDCL 2-1-1.2 be upheld at the appellate level, those ballot initiated measures that were filed after November 8, 2021 but by the first Tuesday in May of the 2022 election year will not be eligible to be put on the 2022 ballot." BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY, doc. 81 at 6. While this is a valid concern, this argument more properly falls under the public interest factor than injury to the defendants and is addressed later, see *infra* II.B.4.

Second, the defendants argue that they are injured because they are precluded from "'applying [the State's] duly enacted legislation regarding election procedures.'" Id. (*quoting* Org. for Black Struggle v. Ashcroft, 978 F.3d 603, 609 (8th Cir. 2020)).

However, the defendants prove this argument is self-defeating because "[t]his constitutes irreparable harm *unless* the legislation is unconstitutional." Id. (emphasis added) (*citing* Org. for Black Struggle, 978 F.3d at 609). Because this Court has explained that SDCL 2-1-1.2 *is unconstitutional*, this cannot stand as an irreparable harm and finds this factor leans in favor of denying a stay.

3. *Whether Issuance of Stay will Substantially Injure Plaintiffs*

Third, the Court turns to what injury plaintiffs may suffer by staying this injunction. Plaintiffs contend they may be injured because they *could* file an initiative petition based on possible upcoming "political developments in South Dakota." PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY, doc. 89 at 5. Like defendants, plaintiffs have yet to take active steps to prepare a petition. SD Voice and Mr. Heidelberger bring the Court's attention to Brendtro v. Nelson, where, in response to the South Dakota legislature electing not to repeal the gross receipts tax on wireless telecommunications, an initiative petition to repeal the tax was filed a mere two months prior to the May deadline.[4] See 720 Nw2d 670, 673 (S.D. 2006). While neither SD Voice or Heidelberger have made the Court aware of any plans to begin an initiative petition, they would nevertheless be injured if the Court were to stay its prior order and if subsequent actions of the Legislature offered impetus for the plaintiffs to seek to circulate a petition.

Regardless of any potential petitions circulated by plaintiffs, "[i]t is well-established that '[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" Powell v. Noble, 798 F.3d 690, 702 (8th Cir. 2015) (*quoting* Elrod v. Burns, 427 U.S. 347, 373 (1976)) (second alteration in original). Further, there is no adequate remedy at law for a loss of plaintiffs' ability to exercise their constitutional rights under the First Amendment by staying this Court's order if in fact they elect to circulate a petition. See Phyllis Schlafly Revocable Trust v.

---

[4] When the petition in Brendtro was filed, the State was still operating under the first Tuesday in May deadline, see Brendtro at 682 ("Initiative petitions must be filed in the secretary of state's office by the first Tuesday in May of a general election year.").

Cori, 924 F.3d 1004, 1009 (8th Cir. 2019) ("'Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages.'") (*quoting* Gen. Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 319 (8th Cir. 2009)).

Because plaintiffs may still elect to exercise their right to circulate a petition for the November 2022 election, this factor leans in favor of SD Voice and Mr. Heidelberger, thus tipping further in favor of this Court denying defendants' request to stay the injunction pending appeal.

4. *Whether it is in Public Interest to Stay Prior Ruling*

Finally, the Court turns to the fourth factor, whether a stay would be in the public interest. Defendants make unsubstantiated assertions on why the Legislature has increased the time between the filing deadline and the election date, without citation to case law or legislative history. South Dakota has no "legislative history." Defendants contend "[i]t would be appropriate to give the Legislature one-year to study any proposed initiated measures to find any impacts" on the State treasury. BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY, doc. 81 at 7. But fatal to defendants' argument is the fact they *do* have a year to study any proposed measures before they take effect. See SDCL 2-1-12 ("Each constitutional amendment, *initiated measure*, or referred law that is approved by a majority of all votes cast is effective on the first day of July after the completion of the official canvass by the State Canvassing Board.") (emphasis added).[5] With a deadline in early May 2022 for any petitions, the legislature still has until *July 1, 2023* before the measure comes into effect, providing more than the year defendants argue is necessary to properly prepare for any disruptions of the State's coffers.

Further, in this case's bench trial, the former Director of Elections at the Secretary of State's Office, Ms. Kea Warne, "testified that the Secretary's office had always managed to comply with the [May deadline]." SD Voice v. Noem, ___ F.Supp.3d ___ at

---

[5] Further, if the Legislature does believe it is likely that Medicaid expansion will be on the November 2022 ballot, it is well within its purview to begin debate and dialogue on its potential ramifications today, providing it even more time to adequately prepare for this potential initiative's passage.

*5 (D.S.D. 2021). See also id. ("Ms. Warne testified that the Secretary's office never had any trouble complying with any prior deadline"). Defendants do not raise any new evidence on why the Legislature was unable to also be adequately prepared with the prior May deadline, while the Secretary of State's Office was perfectly capable of still performing its obligations.

Defendants also cite to the potential 2022 ballot measure question concerning Medicaid expansion. See Potential 2022 Ballot Questions, SEC. OF STATE, https://sdsos.gov/elections-voting/upcoming-elections/general-information/2022-ballot-questions.aspx (last visited Oct. 20, 2021). In addition to potential Medicaid expansion, there is an initiated measure concerning the possession, use, and distribution of marijuana. See id. Undoubtedly, these two measures could impose steep costs on the State if passed, whether in increased expenditure of funds towards Medicaid or further changes to the State's marijuana regulatory landscape. But this potential increase in cost, without substantive explanation on how an additional six months would alter the work of the Legislature, cannot tip the balance in favor of staying this Court's prior order. Additionally, as the Court has previously emphasized, any November 2022 initiated measures would not become effective until *July 1, 2023*, giving the legislature almost 14 months from the time of certification until the measure takes effect. See SDCL 2-1-12.

The Governor, Attorney General, and Secretary of State presented concerns under the irreparable injury to their interests factor of analysis concerning ballot initiated measures filed between November 8, 2021, and the first Tuesday in May of 2022, which would be lost if the appellate court reverses this Court. This would not be an injury to the defendants themselves, but rather is a valid concern effecting the public interest. However, this is not sufficient to justify pausing an injunction of a statute infringing on the First Amendment rights of all South Dakotans engaging in direct democracy via the initiated petition process. The defendants rightly note that the South Dakota Supreme Court has previously found that the six-month filing deadline "allows for stability in government while the electorate debates the merits of the proposal." Brendtro v. Nelson,

720 NW2d 670, 683 (S.D. 2006).[6] Defendants' subsequent leap that any statutory change must mean the legislature found the longstanding six-month deadline insufficient, without any indicia of evidence supporting this assertion before this Court, is a jump too far.

Because "'it is always in the public interest to protect constitutional rights,'" this factor further leans in favor of not staying this Court's prior order. Eliason v. City of Rapid City, 417 F.Supp.3d 1190, 1208 (D.S.D. 2019) (quoting Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008), overruled on other grounds by Phelps-Roper v. City of Manchester, Missouri, 697 F.3d 678, 686 (8th Cir. 2012)).

### III.   CONCLUSION

"A stay intrudes upon the ordinary process of judicial review and administration and is not routinely done as a matter of right even if the moving party might sustain irreparable harm." Native Am. Council of Tribes v. Weber, 2013 WL 3923451 at *1 (D.S.D. July 29, 2013) (unpublished) (citing Nken v. Holder, 556 U.S. 418, 427 (2009)). This matter does not warrant such an atypical departure from standard practice. Rather, this permanent injunction shall remain permanent until if and when an appellate court holds otherwise.

Defendants point out that this Court's prior opinion has "disrupt[ed] the status quo for the next election cycle." BRIEF IN SUPPORT OF DEFENDANTS'' MOTION TO STAY, doc. 81 at 5. They are right. This was not an action the Court took likely; rather, it noted that this Court is "not the Legislature and [it does] not write laws." SD Voice v. Noem, ___ F.Supp.3d ___ , (D.S.D. 2021) at *7. However, when state statutes go unconstitutionally astray of the First Amendment, courts have no choice but to disrupt the status quo. The "First Amendment 'has its fullest and most urgent application precisely to the conduct of

---

[6] Defendants wrongly quote the South Dakota Supreme Court in Brendtro v. Nelson. Defendants state that the State Supreme Court noted the six-month filing deadline in SDCL 2-1-2 "allows for the stability in government while the electorate debates the merits of the proposal and for planning if an initiated measure repeals a revenue generating law." BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY, doc. 81 at 7 (underlined language not accurately quoted). This is not so. Rather, the Court stated it "allows for stability in government while the electorate debates the merits of the proposal." Defendants appear to have charitably rearranged and altered the Brendtro Court's language.

campaigns for political office,'" and here, for ballot initiatives.  McCutcheon v. Fed. Election Comm'n, 572 U.S. 184, 191–92 (2014) (plurality opinion) (*quoting* Monitor Patriot Co. v. Roy, 401 U.S. 265, 272 (1971)).  See also 281 Care Comm. v. Arneson, 766 F.3d 774, 784 (8th Cir. 2014) ("'Political speech is the primary object of First Amendment protection and the lifeblood of a self-governing people.'") (*quoting* McCutcheon, 527 U.S. at 228) (Thomas, J., concurring)).  While this Court's opinion has altered filing deadlines for the upcoming 2022 November election, the First Amendment demanded such a disruption.

IT IS HEREBY ORDERED that defendants' motion, doc. 80, to stay this Court's prior memorandum opinion and order, doc. 75, is denied.

DATED this ___3rd___ day of November, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge