

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| SD VOICE AND CORY HEIDELBERGER, | 1:19-CV-01017-CBK |
| Plaintiffs, | |
| vs. | ORDER |
| KRISTI L. NOEM, GOVERNOR OF SOUTH DAKOTA, IN HER OFFICIAL CAPACITY; MARTY JACKLEY, ATTORNEY GENERAL OF SOUTH DAKOTA, IN HIS OFFICIAL CAPACITY; AND MONAE JOHNSON,[1] SECRETARY OF STATE OF SOUTH DAKOTA, IN HER OFFICIAL CAPACITY; | |
| Defendants. | |

This case began when SD Voice and Cory Heidelberger raised a First Amendment

challenge to the recently enacted 2019 South Dakota House Bill 1094 that established a

new set of regulations applying to citizen ballot initiative campaigns as well as the

preexisting South Dakota Codified Laws §§ 2-1-1.1 and 2-1-1.2 that set a one-year

deadline for filing a citizen sponsored petition. After holding a bench trial, the Court

ruled that HB 1094 was an unconstitutional violation of the First Amendment and

---

[1] Since this Court issued its most recent order in this case, Marty Jackley was elected to serve as Attorney General of South Dakota, and Monae Johnson was elected to serve as Secretary of State of South Dakota. Both are substituted as parties pursuant to Federal Rule of Civil Procedure 25(d).

permanently enjoined the Act's enforcement. See SD Voice v. Noem, 432 F. Supp. 3d

991 (D.S.D. 2020). The Court did not rule on the question of whether SDCL §§ 2-1-1.1

and 2-1-1.2 violate the First Amendment and summarily denied the plaintiff's request to

do so. Both parties appealed. See SD Voice v. Noem, 987 F.3d 1186 (8th Cir. 2021).

While the appeals were pending, the South Dakota Legislature passed 2020 Senate Bill

180 that substantially altered HB 1094. Id. at 1188. The Eighth Circuit Court of Appeals

held that the defendant's appeal was moot and remanded the case for the consideration of

the plaintiff's remaining claim regarding SDCL §§ 2-1-1.1 and 2-1-1.2. Id. at 1188,

1191–92.

        This Court then decided that § 2-1-1.2 that created the filing deadline for ballot

measure petitions was an unconstitutional violation of the First Amendment, but that § 2-

1-1.1 concerning the filing deadline for petitions to amend the state Constitution was not.

See SD Voice v. Noem, 557 F. Supp. 3d 937 (D.S.D. 2021). To remedy the

constitutional wrong, the Court created an alternative filing deadline for ballot measure

petitions of six months in lieu of the one-year provision in § 2-1-1.2. Id. at 947–48. Both

parties also appealed that decision. The Eighth Circuit upheld the ruling that § 2-1-1.2

violated the First Amendment and reversed the ruling that § 2-1-1.1 did not. See SD

Voice v. Noem, 60 F.4th 1071 (8th Cir. 2023). The Eighth Circuit also ruled that this

Court's prescription of a new six-month filing deadline is outside the scope of a district

court's authority and remanded with instructions to modify the permanent injunction by

removing the new filing deadline. Id. at 1083. The Eighth Circuit's judgment was issued

on February 17, 2023. See Doc. 92.

                                            2

In the meantime, the South Dakota legislature passed Senate Bill 113 that was signed by the Governor on March 27, 2023.  SB 113 amends the filing deadline for both initiated laws and constitutional amendments under §§ 2-1-1.2 and 2-1.1.1 to be the first Tuesday in May of a general election year, which is approximately six months before the general election held on the first Tuesday after the first Monday in November.  See 2023 S.D. Sess. Laws ch. 8 § 1–2.  The plaintiff now moves this Court to dismiss the case as moot.  See Doc. 94.  The defendants did not file any sort of responsive pleading.

"Federal courts are courts of limited jurisdiction and can only hear actual 'cases or controversies' as defined under Article III of the Constitution." Hempstead Cnty. Country Club, Inc. v. Sw. Elec. Power Co., 558 F.3d 763, 767 (8th Cir. 2009) (quoting Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1172 (8th Cir. 1994)). Article III limits the Court to adjudicating "only actual, ongoing cases or controversies." SD Voice, 987 F.3d at 1188–89 (quoting McCarthy v. Ozark Sch. Dist., 359 F.3d 1029, 1035 (8th Cir. 2004) (internal quotation marks omitted)).  "[W]hen the issues presented [in a case] are no longer 'live,' the case is moot and is therefore no longer a 'case' or 'controversy' for purposes of Article III." Id. at 1189 (quoting Teague v. Cooper, 720 F.3d 973, 976 (8th Cir. 2013) (cleaned up)).  "When a law has been amended or repealed, actions seeking . . . injunctive relief for earlier versions are generally moot." Id. (quoting Teague, 720 F.3d at 976).

Here, the South Dakota Legislature amended the Codified Laws giving SD Voice and Mr. Heidelberger the relief he sought.  As such, there is no longer a case or controversy for purposes of Article III that confers this Court with jurisdiction and the

3

case should be dismissed without prejudice. To the extent that the Court's former order retains any effect, the permanent injunction is modified in accordance with the Eighth Circuit's instructions to vacate the filing deadline that mirrored the previous statutory ballot measure initiative deadline.

Now, therefore,

IT IS ORDERED that the plaintiff's motion to dismiss without prejudice, (Doc. 94), is granted.

IT IS FURTHER ORDERED that the Court's previous memorandum opinion order dated August 30, 2021, (Doc. 75), is modified in accordance with the opinion of the Eighth Circuit Court of Appeals to vacate the provision that created an alternative filing deadline of the first Tuesday in May during the year of the election

DATED this 23rd day of May, 2023.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge